### Laura MINOR

v.

### Patrick MAHONEY, et al.

v.

### CITY OF BRISTOL.

Civ. No. H–85–1014 (MJB).

United States District Court, D. Connecticut.

Oct. 15, 1986.

Anthony F. Slez, Jr., Westport, Conn., for plaintiff.

Salvatore V. Vitrano, Corp. Counsel, Bristol, Conn., James J. Szerejko, and Thomas J. Hagarty, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., David E. Obarowski, Woodbury, Conn., Joseph P. Secola, Rutherford Institute of Conn., Inc., Milford, Conn., Richard Robinson, Sorokin & Sorokin, Hartford, Conn., for defendants.

## RULINGS ON PENDING MOTIONS

BLUMENFELD, Senior District Judge.

There are five motions currently pending before this court in this case. The plaintiff, Laura Minor, brought this civil action under 42 U.S.C. §§ 1983 and 1985 for damages arising out of a referendum campaign in the city of Bristol, Connecticut. She seeks money damages, and declaratory and injunctive relief. In motions now pending, the plaintiff seeks summary judgment and, in the alternative, an order compelling discovery. The defendants Mahoney and Celebrate Life also seek summary judgment, and additionally seek an order for contempt against a nonparty witness. The third-party defendant, the city of Bristol, has moved that the court dismiss the case as to it. Oral argument was heard on these motions on June 23, 1986.

## I. *Background*

The facts are basically undisputed. On August 12, 1985, defendant Patrick Mahoney, on his own behalf and on behalf of an alleged group of unidentified individuals known as Celebrate Life, appeared at a Bristol city council meeting to propose a referendum. At that meeting, Mahoney proposed that a non-binding, opinion poll-type question about the abortion issue be included on the November 5, 1985, ballot.

Plaintiff Laura Minor, who is regularly involved in political activities to protect the right of women to have abortions, is a woman of childbearing age. She has never had an abortion and does not presently plan to have one. Minor was in attendance at the city council meeting and objected to Mahoney's proposal. After considerable debate, Minor and Mahoney were excused to work out compromise wording for the referendum. They agreed that the question should read: "Should the Supreme Court decision regarding abortion be overturned?"

The city council approved the referendum for placement on the November 5, 1985, ballot. Pursuant to this approval, defendant Rita Brown, the Town Clerk of Bristol, certified the question. Both Mahoney and Minor actively campaigned for their positions, and the referendum was defeated.

Minor brought this suit against Mahoney, Celebrate Life, and Brown in her official capacity as Town Clerk. The city of Bristol was joined as a third party defendant by defendants Mahoney and Celebrate Life through a claim for indemnity.

Two discovery disputes arose in the course of this litigation. In one, the plaintiff is seeking an order to compel defendants to answer interrogatories and produce documents. In the other, defendants seek a finding that Gayle Brooks, a nonparty witness, is in contempt for failing to appear at a deposition.

## II. *Motions for Summary Judgment*

■ Defendants' contention made in their motion for summary judgment that Minor lacks standing to bring this suit is dispositive of the case. Standing is a preliminary, threshold question in every federal case, and it determines whether the litigant is entitled to have the court decide the merits of the dispute. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–5, 45 L.Ed.2d 343 (1975); *Matter of Appointment of Independent Counsel,* 766 F.2d 70, 75 (2d Cir.1985), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 569, 88 L.Ed.2d 554 (1985); *Athanson v. Grasso,* 411 F.Supp. 1153, 1156 (D.Conn.1976). The standing doctrine is derived from the "case and controversy" clause of Article III of the Constitution, and is important to maintance of a proper separation of powers. *Allen v. Wright,* 468 U.S. 737, 750–51, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984); *Warth,* 422 U.S. at 498, 95 S.Ct. at 2204–5; *Matter of Appointment of Independent Counsel,* 766 F.2d at 73; *see also Athanson,* 441 F.Supp. at 1156.

■ To obtain standing in federal court, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984). The injury must be "distinct and palpable," *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and not "abstract," "conjectural," or "hypothetical," *Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675; *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). In addition, the line of causation between the alleged illegal conduct and the relief sought must not be so attenuated that the relationship is speculative. *See Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41–43, 96 S.Ct. 1917, 1925–27, 48 L.Ed.2d 450 (1976); *Linda R.S. v. Richard D.,* 410 U.S. 614, 618, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also Allen,* 468 U.S. at 751–52, 759–60, 104 S.Ct. at 3324–25, 3328–3329; *Matter of Appointment of Independent Counsel,* 766 F.2d at 74.

The injury allegedly suffered by the plaintiff must set him or her "apart from the man on the street." *United States v. Richardson,* 418 U.S. 166, 194, 94 S.Ct. 2940, 2955, 41 L.Ed.2d 678 (1974); *Wilkinson v. Forst,* 591 F.Supp. 403, 407 (D.Conn. 1984). Thus, the right that government act in accord with the law is not a right which generally confers standing on the individual. *Allen* 468 U.S. at 754, 104 S.Ct. at 3326. This is so even if the issue raised is of "wide public significance," *Warth v. Seldin,* 422 U.S. 490, 498–500, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 221–27, 94 S.Ct. 2925, 2932–35, 41 L.Ed.2d 706 (1974); *Wilkinson,* 591 F.Supp. at 409, or if the plaintiff is personally outraged by the governmental action, *see People Organized for Welfare and Employment Rights v. Thompson,* 727 F.2d 167, 171 (7th Cir.1984); *cf. also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 486, 102 S.Ct. 752, 766, 70 L.Ed.2d 700 (1982) (standing not measured by intensity of interest or fervor of advocacy).

■ When these standards are applied to Minor's allegations, it is clear that she is without standing to bring this suit. She has claimed that the Bristol referendum infringed on all individual's rights to be "protected from, and free of, the political majoritarian process." Plaintiff's Objection to Defendants' Motion for Summary Judgment at 1. This right is held in common with all other citizens; it is basically the right that government act in conformity with the law. A claim that such a right has been infringed does not distinguish Minor from the "man on the street."

Such claims have routinely been found insufficient to establish standing. For example, in *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974), the plaintiffs claimed that payments made by the Executive branch to Congressional members of the Armed Forces Reserves influenced Congressional policy to their detriment. Even though this injury arguably violated the Incompatablity Clause of Article I, section 5 of the Constitution, the Court held that the plaintiffs were without standing. The Court reasoned that this injury "would adversely affect only the generalized interest of all citizens in constitutional governance" and was "an abstract injury." *Id.* at 217, 94 S.Ct. at 2930. As a result, the injury did not have the concreteness that is an "indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution." *Id.* at 220–21, 94 S.Ct. at 2931–32; *see also, e.g., Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (right that government make no law respecting establishment of religion not sufficient for citizen standing); *United States v. Richardson,* 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974) (right to statement and accounting of public funds not sufficient to confer standing on citizen/taxpayer to challenge secrecy of C.I.A. budget).

■ Plaintiff Minor claims that she should be distinguished from the general citizenry because her individual right to an abortion, as a woman of child-bearing age, may in some way be harmed by the Bristol referendum. Viewed from this perspective, however, Minor's injury is too conjectural to establish standing. Minor testified that she had never sought an abortion and did not expect to seek one in the immediate future. Minor Deposition at 5–6. Such a speculative and conjectural injury does not justify standing. *See Roe v. Wade,* 410 U.S. 113, 128, 93 S.Ct. 705, 714, 35 L.Ed.2d 147 (1973) (affirming dismissal of Doe complainants, a married couple seeking to challenge the Texas anti-abortion law, because they only alleged a possible future desire for an abortion).

■ Moreover, even if Minor was pregnant and wanted an abortion, the relationship between her individual right to an abortion and the Bristol referendum is too remote and speculative to be fairly traceable under the standing doctrine. For infringement of Minor's right to an abortion to be fairly traceable to the Bristol refer-

endum, the referendum must have passed in the election, and must have influenced the United States Supreme Court. In fact, however, the referendum was defeated, and it is preposterous to assume that it would have influenced the Supreme Court had it passed.

A more plausible chain of causation was recently rejected by the Supreme Court in *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). There the plaintiffs claimed that the government's granting of tax exempt status to racially discriminatory schools diminished their children's ability to obtain an integrated education. The Court held that this allegation did not support standing "because the injury alleged [was] not fairly traceable to the Government conduct respondents challenge as unlawful." *Id.* at 757, 104 S.Ct. at 3327–3328. The causation was speculative because it was uncertain whether a change in tax exempt status would cause schools to change their admissions policy or whether an increase in tuition costs from a change in tax policy would cause more parents to send their children to public schools. *Id.* at 758, 104 S.Ct. at 3328. Although this causal chain was somewhat speculative, at least it was plausible and not contrary to fact. Nevertheless, those allegations, like those in this case, were too attenuated to justify federal standing. *See also Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (no standing of indigents to challenge tax ruling relating to hospital tax exempt status because impact of ruling on free services to the poor was speculative); *Matter of Appointment of Independent Counsel,* 766 F.2d 70 (2d Cir. 1985) (no standing to seek appointment of independent counsel because uncertain whether such an appointment would lead to prosecution of the party or whether such action would vindicate plaintiff's reputation), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 569, 88 L.Ed.2d 554 (1985).

In sum, Minor's alleged injury is too generalized, speculative and remote to justify standing in this case. Therefore, Mahoney's and Celebrate Life's motion for summary judgment is hereby granted, and Mi-nor's motion for summary judgment is denied.

### III. *Other Motions*

Once the standing issue is decided as above, the other motions become moot. Plaintiff Minor's motion to compel discovery is moot because she has no standing to sue. Similarly, the Town of Bristol's motion to dismiss the third-party complaint brought against it by Mahoney and Celebrate Life is moot because it was based on an indemnity theory; since Mahoney and Celebrate Life were successful on summary judgment, they have no indemnity claim against the Town as a third-party defendant. Finally, the motion for contempt against the nonparty witness Gayle Brooks is moot because her deposition is no longer needed.

SO ORDERED.